CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 2 3 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| SCOTT VANCE,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN E. POTTER,<br>    Postmaster General,<br>    United States Postal Service<br><br>    Defendant. | Civil Action No. 5:05CV00013<br><br>**MEMORANDUM OPINION**<br><br>By: Hon. Glen E. Conrad<br>United States District Judge |

This case arises under Title VII of the Civil Rights Act of 1964. Jurisdiction in this court is proper under 42 U.S.C. § 2000e-5(f)(3). This matter is before the court on the defendant's motion to dismiss for failure to state a claim upon which relief can be granted. For the reasons stated below, the defendant's motion will be granted in part and denied in part.

### Factual and Procedural Background

The plaintiff filed two separate Agency Cases relating to violations of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and Americans With Disabilities Act of 1990. The Final Agency Decision in Agency Case #4K-230-0100-02 was issued on February 24, 2004, and deemed delivered to the plaintiff on February 29, 2004. Pursuant to 42 U.S.C. § 2000e-16(c), the plaintiff had a 90-day period within which to file suit in the United States District Court. That period ended on May 31, 2004.

The Final Agency Decision in Agency Case #4K-230-0094-04 was issued on November 10, 2004, and deemed delivered to the plaintiff on November 15, 2004. The 90-day period following the deemed delivery date expired on February 14, 2005.

The plaintiff filed a complaint in this court as to Agency Case #4K-230-0100-02 on May 17, 2004. The case was docketed as 5:04CV00044. By mutual agreement, the parties voluntarily dismissed that action on December 28, 2004, pursuant to the Federal Rules of Civil Procedure 41(a)(1). The plaintiff asserted that the agreed dismissal was intended to make it possible to assert all of the allegations in one filing. The defendant stated that there was no agreement between the parties regarding the waiver of any statute of limitations defense.

The plaintiff sent a complaint as to Agency Case #4K-230-0094-04 to the clerk's office in Harrisonburg via the Case Management/Electronic Case Files (CM/ECF) system on February 11, 2005. His attorney had previously registered for both the CM/ECF and PACER systems and believed that he had sent his credit card information for input into both systems. In fact, the credit card information was sent only to PACER and was not entered into CM/ECF. Even though the credit card was not on file with CM/ECF, and therefore the filing fee could not be charged, the CM/ECF system sent an automated message to the attorney on February 11, 2005. This message was styled "Notice of Electronic Filing." Upon receipt of this message, the attorney left town to attend to personal matters, returning later to learn that his credit card could not be charged and, therefore, the filing fee was not remitted and his case was not actually filed. On February 18, 2005, the filing fee was paid and case 5:05CV00013 was docketed.

## Discussion

With respect to the claims pertaining to Agency Case #4K-230-0100-02, the motion to dismiss will be granted. The plaintiff timely filed his complaint in District Court, but the agreed dismissal ended the case on December 28, 2004, long after the 90-day period had expired. The plaintiff explained that he had entered into the dismissal because he wanted to consolidate this claim with the related subsequent claim from Agency Case #4K-230-0094-04. Unfortunately for

the plaintiff, he failed to secure a waiver of the statute of limitations from the defendant, and thus the attempted consolidation was ineffective.

The fact that he filed a suit on Agency Case #4K-230-0100-02 within the 90-day period has no impact as to the timeliness of the claim currently before the court. The United States Court of Appeals for the Fourth Circuit has held that the filing of a complaint that is dismissed without prejudice does not toll the statutory filing period in Title VII. Birch v. Peters, 25 Fed. Appx. 122 (4th Cir. 2001) (unpublished decision). The plaintiff did not memorialize any agreement to waive the statute of limitations in either the agreed dismissal motion or order, or a separate writing to that effect. Consequently, there is no evidence to support the possibility of a waiver, and the claim will be dismissed.

The claims that stem from Agency Case #4K-230-0094-04, however, will not be dismissed. The plaintiff's submission of his filing suffices to meet the 90-day filing prerequisite. Moreover, to dismiss the plaintiff's claim on the basis of this inadvertently tardy filing would be to defeat reasonable expectations with regard to the CM/ECF system.

The United States District Court for the Western District of Virginia adopted the CM/ECF system on February 9, 2004. This new system was designed to modernize the court's system for filing and accessing case materials. In order to facilitate the filing of cases, the court issued "Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means." Among various provisions dealing with the electronic filing of new cases, the document explains that

> New cases are deemed filed the day the Clerk's Office receives the complaint and any required filing fee. Upon verification that the proper fee has been paid, the Clerk's Office will assign a unique case number and file the opening documents in the CM/ECF system. *The submitting party will then receive a Notice of Electronic filing* [sic] *confirming the case has been accepted.* (Emphasis added).

3

Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means (Revised January 2005), at 6-7.

When the plaintiff's attorney received the message entitled "Notice of Electronic Filing," he reasonably assumed that the case had been filed and accepted in accordance with the Administrative Procedures. There was little, if any, indication that the message he received was not precisely the type of confirmation and acceptance message contemplated by the Administrative Procedures. Furthermore, the relative newness of the system and the fact that the attorney had no prior experience with e-filing on CM/ECF require the conclusion that his interpretation of the automatically-generated "Notice of Electronic Filing" was reasonable.

## Conclusion

The voluntary dismissal of case 5:04CV00044 did not toll the 90-day period required by 42 U.S.C. § 2000e-16(c). Therefore, the claims that relate to Agency Case #4K-230-0100-02 will be dismissed as untimely filed. The claims that relate to Agency Case #4K-230-0094-04 were timely filed in this case on February 11, 2005. These claims will go forward as alleged.

DATED this 23rd day of January, 2006.

*[signature]*
United States District Judge

4