CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
FEB 28 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| SCOTT VANCE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5:05CV00013 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| JOHN E. POTTER, POSTMASTER ) | By: Hon. Glen E. Conrad |
| GENERAL, UNITED STATES ) | United States District Judge |
| POSTAL SERVICE ) | |
| ) | |
| Defendant. ) | |

This case is before the court on the defendant's motion to strike portions of the complaint. For the reasons stated below, the motion will be denied.

### Factual and Procedural Background

The plaintiff, Scott Vance, is a former United States Postal Service employee, who brought suit in this court after having failed to achieve a satisfactory result in two prior Agency Cases relating to separate alleged violations of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and Americans With Disabilities Act of 1990. On January 23, 2006, this court entered an order dismissing the portion of the complaint related to Agency Case #4K-2130-0100-02 on the grounds that the claims as to that Case were not timely filed. The claims as to Agency Case #4K-230-0094-04, however, were timely filed and are still pending at this time. These claims relate to discrimination based on religion, age, physical disability, and mental disability, and retaliation for prior Equal Employment Opportunity activity.

### Discussion

In support of his motion to strike under Federal Rule of Civil Procedure 12(f), the defendant argues that the effect of the court's January 23 order was to render all issues not

pertaining to the events of March 9 and 23, 2004 irrelevant to the case. Therefore, the defendant asserts that it is proper for the court to strike all allegations in the complaint that relate to other time periods and dates. The plaintiff responds that (1) the defendant is precluded from making his motion to strike by Rule 12(g), and (2) the portions of the complaint that the defendant wishes to strike are not redundant, immaterial, impertinent, or scandalous. See Fed. R. Civ. P. 12(f)-(g).

Motions to strike under Rule 12(f) "are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001), *quoting* 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1380 (2d ed.1990). Although there is no dilatoriness on the defendant's part here, he carries a high burden with respect to his motion. See Steuart Inv. Co. v. Bauer Dredging Constr. Co., 323 F. Supp. 907, 909 (D. Md. 1971) ("A motion to strike ... will be denied unless the allegations attacked have no possible relation to the controversy and may prejudice the other party.").

The plaintiff's first objection to the motion to strike is compelling. Rule 12(g) states that

> If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.

Fed. R. Civ. P. 12(g); see also Goff v. AAMCO Automatic Transmissions, Inc., 313 F. Supp. 667, 668 (D. Md. 1970) (enforcing Rule 12(g) where the defendant filed a motion to dismiss for lack of proper venue followed four and a half months later by a motion to quash service of process). Subdivision (h)(2) does not apply here. The defendant's motion to strike is therefore

2

untimely because it should have been raised concurrently with the motion to dismiss, which has already been entertained and disposed of. The defendant offers no circumstances in mitigation of its delay in this regard, and thus the motion must be denied for failure to consolidate all Rule 12 motions.

The retention of the disputed portions of the complaint in the wake of the dismissal of claims related to Agency Case #4K-230-0094-04 is not prejudicial to the defendant. These portions are material to the remaining claim, because they relate to the plaintiff's claim for retaliation. While the plaintiff is not allowed to pursue recovery for the acts alleged in those portions of the complaint, he will be allowed to use those allegations in his claim for retaliation, which remains pending at this time.

## Conclusion

The defendant's motion to strike will be denied on the grounds that it was not brought concurrently with the defendant's motion to dismiss. Therefore, the motion to strike is untimely and, pursuant to Rule 12(g), must be denied.

DATED this 28th day of February, 2006.

*[signature]*

United States District Judge

3